983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernie R. SANDERS, Plaintiff-Appellant,
v.
Rob ROBERTS, Warden; Aura Gonzalez; CORRINE GILROY,
Defendants-Appellees.
 No. 92-55135.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 12, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernie R. Sanders, a federal prisoner, appeals pro se the district court's partial Fed.R.Civ.P. 12(b)(6) dismissal and summary judgment dismissal of his Bivens action against prison officials.[1] We review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm in part and vacate and remand in part.
 
 
 3
 * Background
 
 
 4
 On April 16, 1990, Sanders filed his civil rights complaint against three employees of the Metropolitan Correctional Center. He alleged that his right of access to the courts was violated by the defendants' restriction of his hours in the prison law library and by the defendants' confiscation of his legal files and materials. He also alleged that the defendants, acting in concert, retaliated against him for filing an administrative grievance.
 
 
 5
 After allowing Sanders several opportunities to amend his complaint, the district court granted summary judgment for the defendants on Sanders's claim that he was denied adequate access to the prison law library. The court stated, however, that because there remained a discrepancy over the actual amount of time that Sanders was allowed in the library, the court's ruling was subject to reconsideration upon a proper motion by Sanders. In addition to granting summary judgment on the library access claim, the court also found that Sanders had failed to allege facts sufficient to state a claim for retaliation or for deprivation of legal materials. The court then granted Sanders leave to amend his complaint with directions to state his retaliation/conspiracy claim with more particularity and to explain whether prison officials had returned Sanders's legal materials.
 
 
 6
 On September 17, 1991, pursuant to the court's directive, Sanders filed his amended complaint. Through his complaint, Sanders also sought reconsideration of the court's summary judgment ruling on his library access claim. In considering Sanders's motion to reconsider, the court found that prison officials had provided Sanders with adequate library access, and reaffirmed its prior summary judgment ruling. As to Sanders's deprivation of legal materials claim and his conspiracy/retaliation claim, the district court again found that Sanders's had failed to state claims upon which relief could be granted and dismissed the complaint with prejudice.
 
 II
 Summary Judgment
 
 7
 Sanders contends that the district court erred by refusing to reconsider its summary judgment ruling on Sanders's library access claim. This contention lacks merit.
 
 
 8
 Indigent inmates have a constitutional right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 832 (1977). Meaningful access requires prison authorities to provide "adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. Prisons are not, however, required to provide unlimited access to prison law libraries, but rather may "regulate the use of the library to ensure the security of the facility." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Thus, prison officials may regulate the time, manner, and place in which library facilities are used. Id.
 
 
 9
 Here, the district court found that the restriction of Sanders's library time to three and one half hours per week was necessary to provide other prisoners with library access. Moreover, the court found that, in spite of this restriction, Sanders still had library access that exceeded the standard two hours afforded to other prisoners.[2] Accordingly, because the prison officials presented evidence that Sanders had reasonable library access and Sanders failed to demonstrate that such access was inadequate, the district court did not err by declining to reconsider its previous summary judgment ruling. See Lindquist, 776 F.2d at 858.
 
 III
 Rule 12(b)(6) Dismissal
 A. Standard of Review
 
 10
 When reviewing a district court's dismissal for failure to state a claim, "we restrict our review to the contents of the complaint, accepting the material factual allegations as true and construing them in the light most favorable to the appellant." Schowngerdt v. General Dynamics Corp., 823 F.2d 1328, 1332 (9th Cir.1987), cert. denied, 112 S.Ct. 1514 (1992). Accordingly, "dismissal for failure to state a claim is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support which would entitle him to relief.' " Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 B. Confiscation of Legal Materials
 
 11
 Sanders contends that the district court erred by dismissing his action because the confiscation of his legal materials prejudiced him in his pending court actions. This contention lacks merit.
 
 
 12
 An inmate who does not claim an inadequate law library or inadequate legal assistance must allege "actual injury" to court access to state a claim for denial of access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Actual injury consists of a specific instance in which a plaintiff was actually denied access to the courts. Id.
 
 
 13
 Here, Sanders has failed to allege or offer evidence of actual injury to court access. In his complaint, Sanders made conclusory allegations that the confiscation of his legal materials caused him "irreparable harm" in his pending actions. Sanders did not, however, identify any actual injury. See id. Accordingly, because Sanders failed, after being advised of the deficiencies in his complaint, to allege an actual injury to court access, the district court properly dismissed this claim pursuant to Rule 12(b)(6).
 
 C. Retaliation
 
 14
 Sanders contends that the district court erred by dismissing his claim alleging that prison officials conspired to deprive him of his legal material in retaliation for filing an administrative grievance. This contention has merit.
 
 
 15
 The Constitution protects one's right to petition the government for redress of grievances. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). "Deliberate retaliation" by prison officials against an individual's exercise of this right is actionable in a civil rights action. Id.
 
 
 16
 Retaliation by prison officials may chill an inmate's exercise of his first amendment rights to redress his grievances and is actionable even if such conduct does not otherwise rise to the level of a constitutional violation. See Thomas v. Carpenter, 881 F.2d 828, 830 (9th Cir.1989), cert. denied, 494 U.S. 1028 (1990) and 110 S.Ct. 3236 (1990). Accord Smith v. Machner, 899 F.2d 940, 948 (10th Cir.1990) (" 'an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] section 1983 even if the act, when taken for a different reason, would have been proper.' ") (quoting Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir.1978), cert. denied, 440 U.S. 916 (1979)). Conduct used to discourage rights under the first amendment " 'need not be particularly great in order to find that rights have been violated.' " Thomas, 881 F.2d at 830 (quoting Elrod v. Burns, 427 U.S. 347, 359 n. 13 (1976)). Potential liability depends upon the motivation behind the prison officials' actions. Soranno's, 874 F.2d at 1316.
 
 
 17
 In a civil rights action, the plaintiff bears the burden of establishing that the actual "substantial" or "motivating" factor behind the deprivation of constitutional rights was retaliation for exercising legal rights. Id. at 1314 (citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). Accord Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988) (inmate bringing section 1983 retaliation action against prison officials must allege "a chronology of events from which retaliation may plausibly be inferred"). Circumstantial evidence is adequate to meet the plaintiff's initial burden of proof. Soranno's, 874 F.2d at 1315-16. Accord Smith, 899 F.2d at 949 ("circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants, and an alleged pattern by the defendants of blocking his access to legal materials and assistance" sufficient to allow a jury to reasonably conclude prison officials acted in retaliation).
 
 
 18
 Here, Sanders alleged that in response to his filing of an administrative grievance, the defendants (1) substantially restricted his library access, (2) transferred him to a high security floor where he was locked in his cell for 21 hours a day, (3) directed another prisoner to assault Sanders, (4) discharged the prison law librarian who was to act as Sanders's witness, (5) confiscated Sanders's legal files from the librarian, and (6) placed him in solitary confinement after planting marijuana in his prison cell.
 
 
 19
 Taking the factual allegations in Sanders's complaint as true, as we must for purposes of Rule 12(b)(6), we find that Sanders has stated sufficient facts to support a claim for retaliation. See Schowngerdt, 823 F.2d at 1332. Accordingly, the district court erred by dismissing Sanders's retaliation claim pursuant to Rule 12(b)(6).
 
 
 20
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)
 
 
 [2]
 In its summary judgment order, the court also had found that because Sanders was represented by an attorney in his pending court actions, the library use restriction was not prejudicial